UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAJUAN SAUNDERS,                        :
                                        :
            Petitioner                  :
        vs.                             :       CIVIL NO. 1:CV-15-1617
                                        :
MONROE COUNTY COURT                     :
of COMMON PLEAS, *et al.*,              :       (Judge Caldwell)
                                        :
            Respondents                 :

*M E M O R A N D U M*

I.   *Introduction*

On August 19, 2015, the pro se petitioner, Dajaun Saunders, filed this petition for a Writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Asserting his right against double jeopardy, Saunders requests that the court bar his criminal prosecution in Monroe County, Pennsylvania, on various criminal offenses stemming from a March 2013 domestic incident.  (Doc. 1, Pet.)

For the reasons that follow, Saunders' motion to proceed *in forma pauperis* will be granted and the Petition summarily denied without requiring a response from the Respondents.[1]

---

[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").  As will be seen below, this petition is governed by 28 U.S.C. § 2241, but we can apply the 28 U.S.C. § 2254 rules "to a habeas corpus petition not covered by Rule 1(a)" of the 2254 rules.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

II.     *Standard of Review*

Typically, a federal court will entertain a request for habeas relief after the state-court judgment is entered, and does so under 28 U.S.C. § 2254.  However, district courts have jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court.  *See Moore v. DeYoung*, 515 F.3d 437, 441- 42 (3d Cir. 1975).  This "jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal proceedings.'"  *Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (nonprecedential)(quoting *Moore*, 515 F.2d at 445-46).

A section 2241 petitioner seeking to invoke our "pretrial" habeas jurisdiction must have exhausted state-court remedies and must also make "a special showing of the need" for us to adjudicate his petition as such.  *Moore*, 515 F.2d at 443.  If he has not exhausted his remedies, we may still adjudicate his petition if there are "extraordinary circumstances."  *Id.*

III.    *Background*

Saunders, confined at the State Correctional Institution in Waymart, Pennsylvania, on a state parole violation, refers to himself as a "pretrial detainee."  (Doc. 1, Pet.)  In his Petition, Saunders challenges a detainer lodged against him arising from the Monroe County criminal case.  *See Commonwealth v. Saunders*, CP-45-CR-0851-

-2-

2013 (Pa. Ct. Com. Pl. Monroe Cnty.).[2]  Saunders requests that the court intervene in his Monroe County criminal proceedings and dismiss the charges against him. (Doc. 1, Pet.)

At the time he filed the Petition, Saunders was facing trial in Monroe County for Aggravated Assault; Burglary; Criminal Trespass; Terroristic Threats with Intent to Terrorize Another; Stalking; Recklessly Endangering Another Person; and two counts of Simple Assault.  He moved the trial court to dismiss the charges, arguing that principles of double jeopardy, *res judicata* and collateral estoppel prevented his trial on these charges because the trial court had previously held a criminal-contempt hearing on Petitioner's violation of a Protection From Abuse order.  The trial court denied the motion.  On a pretrial appeal to the Pennsylvania Superior Court, on August 27, 2014, the superior court held that "[b]ecause Saunders's contempt conviction was not based on any of the events of March 27, 2013, double jeopardy [was] not implicated."  (Doc. 3, ECF p. 90). Saunders's application for reargument was denied on October 30, 2014.  *See Commonwealth v. Saunders*, 3255 EDA 2013 (Dkt. Sheet).

Saunders then filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court.  *See Commonwealth v. Saunders*, 890 MAL 2014 (Super).[3]  Saunders's petition was denied on May 12, 2015.  (*Id.*)  Shortly thereafter, the Monroe County Court of

---

[2] The court takes judicial notice of the docket sheet in the criminal case against Saunders in Monroe County which is available through the Pennsylvania's Unified Judicial Docket System at: http://ujsportal.pacourts.us/.  Saunders was recommitted to the Pennsylvania Department of Corrections as a parole violator.

[3] The court takes judicial notice of the docket sheet in Saunders' Petition for Allowance of Appeal to the Supreme Court which is available through the Pennsylvania's Unified Judicial Docket System at: http://ujsportal.pacourts.us/.

Common Pleas listed the case for the September 2015 trial term.  *See Commonwealth v. Saunders*, CP-45-0000851-2013 (Monroe Ct. Com. Pl.).

On August 19, 2015, Saunders filed the instant habeas petition.  Then, on September 1, 2015, represented by counsel, he entered a written guilty plea in the criminal case.  (*Id.*)  On September 2, 2015, the trial court accepted the guilty plea and scheduled a September 11, 2015, sentencing date.  (*Id.*)  On September 11, 2015, an Amended Guilty Plea Colloquy was filed.[4]  (*Id.*)  On the same date, Saunders was sentenced to eleven months and fifteen days to twenty-three months incarceration for aggravated assault.  The remaining charges were *nolle prossed*.

IV.    Discussion

While the court had jurisdiction under § 2241 to entertain Saunder's pretrial habeas corpus petition when filed, his Petition must be dismissed as moot given his change of status from pretrial detainee to convicted defendant.

It is clear that prior to Saunders's conviction on the Monroe County charges, this court had jurisdiction over his § 2241 petition seeking to bar his trial on grounds that it would violate his right against double jeopardy.  *Moore*, 515 F.2d at 443.  However, once Saunders entered a guilty plea with respect to the charges, his habeas petition seeking to bar his trial on the same charges was rendered moot as the relief he requested is no longer available.  Moreover, now that he is convicted of the Monroe County charges, if he seeks to challenge his conviction, Section 2241 is unavailable to him.  If he wishes to

---

[4] The criminal trespass charge (Enter Structure), was replaced by Criminal Trespass (Break into Structure).

proceed with his request for relief, petitioner must do so by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and only after exhausting all available state court remedies.

      An appropriate order follows.

                                            /s/ William W. Caldwell  
                                            William W. Caldwell  
                                            United States District Judge

Date:  November 16, 2015